## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE 3,** | * |
| **ON BEHALF OF HER** | |
| **MINOR CHILD 3,** | * |
| | |
| **Plaintiffs,** | * |
| | |
| **v.** | * |
| | |
| **LATIN AMERICAN MONTESSORI** | * |
| **BILINGUAL PUBLIC CHARTER** | |
| **SCHOOL ("LAMB")** | *     **Civil Action No. _____ (TSC)** |
| **1375 Missouri Avenue, NW** | |
| **Washington, DC 20011** | * |
| | |
| *Serve*: | * |
| **John McGavin, Esq.** | |
| **Counsel of Record** | * |
| **Bancroft, McGavin, Horvath &** | |
| **Judkins, P.C.** | * |
| **9990 Fairfax Boulevard** | |
| **Suite 400** | * |
| **Fairfax, Virginia  22030** | |
| | * |
| **Defendant.** | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CIVIL COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe 3, on behalf of Minor Child 3 (hereinafter, "Minor 3"),[1] by and through

undersigned counsel, hereby file this Federal Civil Complaint and allege the following:

## NATURE OF THE CASE

1.     Plaintiffs sue Defendant Latin American Montessori Bilingual Public Charter

School ("LAMB"), seeking damages and other relief, for LAMB's violation of  violation of Title

---

[1] Contemporaneously with the filing of this Complaint, Plaintiffs have filed a Motion for Leave to Proceed Under Pseudonyms in this matter.

IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681(a) ("Title IX"), gross negligence, and gross negligent infliction of emotional distress upon Minor 3.

## PARTIES

2.     Plaintiff Minor 3 is a natural person, a citizen of the United States, and was, at all times relevant herein, a resident of the District of Columbia.  Plaintiff Minor 3 is and was, at all relevant times herein, a minor.  Plaintiff Minor 3 was previously enrolled as a student at LAMB, and was a student at LAMB at all relevant times herein.

3.     Plaintiff Minor 3's mother, Jane Doe 3, sues on Minor 3's behalf.

4.     Jane Doe 3 is a natural person, a citizen of the United States, and was, at all times relevant herein, a resident of the District of Columbia.  Jane Doe 3 is Minor 3's natural and legal parent.

5.     Defendant LAMB is a corporation registered in the District of Columbia, which owns and operates the Latin American Montessori Bilingual Public Charter School, located at 1375 Missouri Avenue, NW, Washington, DC 20011.   Defendant LAMB also has locations at 1800 Perry Street, NE, Washington DC 20018, and 1399 Aspen Street, NW, Washington DC, 20012.

6.     Defendant LAMB is a recipient of Federal funds within the meaning of 20 U.S.C. § 1681(a).

7.     Defendant LAMB is a charter school formed pursuant to D.C. Code § 38-1802.01, *et seq*. that provides educational services to District of Columbia students.

8.     D.C. Code § 38-1802.04 allows for LAMB's civil liability, and states that LAMB is also subject to Title IX.

9. Defendant LAMB was acting through its respective employees, servants, agents, or other affiliates, including, but not limited to, Manuel Garcia Fernandez, as to the matters alleged herein.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this litigation involves matters of Federal law, specifically claims made under the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq*.

11. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy stemming from the allegations that form the basis of the Federal claims in this action.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391, as all of the relevant facts giving rise to this case and damages sustained by Plaintiffs occurred in this District.

## FACTUAL ALLEGATIONS

13. Minor 3 attended LAMB as a student from 2007 to 2015, graduating from the Fifth Grade in 2015.

14. When Minor 3 entered the Fourth Grade at LAMB, Minor 3 was taught by Mr. Fernandez.

15. Mr. Fernandez remained Minor 3's teacher through 2015, when Minor 3 graduated from Fifth Grade.

16. From approximately 2013 through 2015, while he was Minor 3's teacher at LAMB, Mr. Fernandez sexually abused Minor 3.

17. Mr. Fernandez sexually abused Minor 3 by sticking his hands down Minor 3's pants, and by touching Minor 3's genitals over Minor 3's pants.

18.     During this time, Minor 3 began exhibiting unusual behavior, including, but not limited to, impulsivity, disrespectful behavior, limit testing, lying, low levels of empathy, vengeful behavior, and anger.

19.     Mr. Fernandez was placed on a leave of absence, from January 9, 2015 to March 30, 2015 from LAMB.

20.     Defendant LAMB did not inform the students' parents that Mr. Fernandez had been placed on leave, until January 29, 2015.

21.     Defendant LAMB did not interview other students to determine if they were victims of Mr. Fernandez or witnesses to his criminal conduct.

22.     Defendant LAMB did not contact any school parents to request their children's cell phones and/or electronic communication applications be turned over to the Metropolitan Police Department ("MPD") as evidence.

23.     Based on information and belief, Defendant LAMB told Mr. Fernandez's students that he was going to be absent for a period of time, but Defendant LAMB did not inform Mr. Fernandez's students or his students' parents of the true reason why Mr. Fernandez was placed on administrative leave.  Instead, Defendant LAMB, informed parents that Mr. Fernandez was out for "personal reasons."

24.     On or around March 30, 2015, Defendant LAMB reinstated Mr. Fernandez to his position as a teacher at the school.

25.     When he returned to LAMB in or around March 2015, Mr. Fernandez resumed his position as Minor 3's teacher.

26.     Defendant LAMB did not inform the parents of children in Mr. Fernandez's class that a Metropolitan Police Department investigation had taken place regarding Mr. Fernandez.

27.     Mr. Fernandez remained as Minor 3's teacher until Minor 3 graduated from Fifth Grade, in or around June 2015.

28.     Upon Mr. Fernandez's return to LAMB, teachers continued to report to Defendant LAMB their concerns about Mr. Fernandez's interactions with students and his failure to observe appropriate boundaries.

29.     Defendant LAMB admitted on November 29, 2017, that:  "These concerns were similar to those previously shared. These concerns were repeatedly reported by the same teachers to members of administration. These teachers requested a meeting with administration to discuss these concerns. However, administrators failed to appropriately address them."

30.     Based on Defendant LAMB's grossly negligent investigation and supervision of Mr. Fernandez, Jane Doe 3 permitted Defendant Fernandez to continue to teach Minor 3 at LAMB.

31.     Mr. Fernandez's sexual abuse of Minor 3 continued when Mr. Fernandez returned from leave in or around March 2015.

32.     Another teacher at Defendant LAMB reported to Defendant LAMB that Mr. Fernandez was inappropriately having students sit on his lap.

33.     Upon information and belief, Defendant LAMB did not address this report and Mr. Fernandez remained employed by Defendant LAMB.

34.     At no time did Defendant LAMB report the foregoing complaints to the parents of students attending LAMB.

35.     On or about March 21, 2017, the Chair of LAMB's Board of Directors sent a letter to LAMB parents.  In this letter, Defendant LAMB, for the first time, acknowledged that Mr. Fernandez was investigated by the MPD in 2015, that Defendant Fernandez was placed on administrative leave, and that the MPD did not file charges in the matter.

36.     On June 2, 2017, Defendant Fernandez pled guilty to a Criminal Information charging him with multiple counts of felony and misdemeanor sexual abuse, in *District of Columbia v. Manuel Garcia Fernandez*, Criminal Case No. 2017 CF1 003335 (D.C. Super. Ct. 2017).

37.     On December 1, 2017, Mr. Fernandez was sentenced to 8 years imprisonment, with 25 years of supervised release as a sex-offender to commence after his period of incarceration.

38.     On November 29, 2017 the LAMB Board of Directors sent a letter to the "LAMB Community," in which it released some details of an internal investigation.

39.     The letter acknowledged that several LAMB teachers observed "concerning interactions" between Mr. Fernandez and students, and that teachers shared these concerns with the administration, but appropriate actions were not taken.

40.     These "concerning interactions" included immature classroom behaviors and a physical familiarity with students by Mr. Fernandez that made other teachers uncomfortable.

41.     The letter stated that Defendant LAMB and its administration failed to recognize these inappropriate behaviors as red flags and failed to make appropriate decisions.

42.     The letter stated that upon Mr. Fernandez's return in 2015, the inappropriate behavior continued and was ongoing.  Mr. Fernandez had been told to desist in engaging in these behaviors, but continued to do so, and Defendant LAMB should have terminated his employment for continued violation of instructions.

43.     Defendant LAMB failed to comply with its statutory responsibility under Title IX to respond to Mr. Fernandez's continual sexual abuse of Minor 3.

44.     Defendant LAMB was fully aware of their obligation under Title IX to conduct an investigation into Mr. Fernandez's continual sexual abuse of Minor 3.

45.     As a result of Defendant LAMB's failure to properly conduct an investigation and terminate Mr. Fernandez, Minor 3 suffered severe psychological and emotional distress.

46.     Minor 3 endured sexual abuse and suffered sex-based discrimination that was severe, pervasive and objectively offensive.

47.     The sexual abuse that Minor 3 endured, the sex-based harassment that Minor 3 suffered, and the subsequent emotional and psychological trauma that followed from Defendant LAMB's failure to properly address Mr. Fernandez's illegal actions deprived Minor 3 of educational opportunities and benefits of the school.

48.     Defendant LAMB had actual knowledge of the sexual abuse and sex-based harassment of Minor 3.

49.     Defendant LAMB had the authority to take remedial action to terminate Mr. Fernandez's employment.

50.     Instead, Defendant LAMB responded and acted with conscious indifference to the sexual abuse and sex-based harassment suffered by Minor 3.

51.     Defendant LAMB's acts and conduct were such that reasonable students who encountered or were confronted with the same or similar circumstances as Minor 3 would be reluctant to report sexual abuse and/or harassment.

52.     As a direct and proximate result of the harassing and hostile educational environment created by Defendant LAMB's conscious indifference in its response to the sexual abuse perpetrated by Mr. Fernandez against Minor 3, Minor 3 has suffered, and continues to suffer, severe psychological damage, emotional stress and distress, and difficulty sleeping.

53.     Due to Mr. Fernandez's continual and pervasive sexual abuse, Minor 3 has required, and could continue to require, mental health counseling to, including but not limited to,

cope with the aftermath of the sexual assault, the emotional stress and distress, and feelings of anger.

54.     Minor 3 has been deprived of a normal childhood education due to Defendant's acts and conduct, and the resulting educational environment.  Furthermore, Minor 3 has been damaged by missed educational opportunities and Minor 3's future earning capabilities have been damaged by Defendant's acts and conduct and the resulting hostile educational environment.

## COUNT I

**(Violation of Title IX (20 U.S.C. § 1681, *et seq*.))**
**(Asserted Against Defendant LAMB)**

55.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

56.     Defendant LAMB had actual notice of Mr. Fernandez's sexual misconduct against Minor 3.

57.     Defendant LAMB, by its action and inaction, created a climate whereby criminal sexual misconduct was tolerated, thus encouraging repeated misconduct and proximately causing injury to Plaintiff.

58.     Defendant LAMB had actual knowledge of sexual assaults, exploitation, discrimination and harassment Mr. Fernandez perpetrated against Minor 3 and other young LAMB students on school grounds, when he used his authority as a school employee to seclude himself with them.

59.     The individuals with actual knowledge, including Defendant LAMB, had the authority and ability to investigate and take meaningful corrective action to end or prevent the sexual assaults, exploitation, discrimination and harassment, but failed to do so.

60.     The sexual abuse, exploitation, discrimination, and harassment Mr. Fernandez inflicted on Minor 3 was severe, pervasive, and objectively offensive, and effectively barred Minor 3's access to an education opportunity and benefit.

61.     Minor 3 suffered repeated school employee-on-student sexual assault and harassment, which is considered sex discrimination prohibited by Title IX.

62.     The sexual harassment Minor 3 suffered created a hostile environment at LAMB.

63.     By its actions and inactions, Defendant LAMB acted with deliberate indifference toward the rights of Minor 3 and other LAMB students to a safe and secure education environment, thus materially impairing Minor 3's ability to pursue Minor 3's education at LAMB in violation of the requirements of Title IX.

64.     Specifically, Defendant LAMB violated Title IX by, *inter alia*:

    a.     Choosing to take no action to protect Minor 3, despite knowledge of a need to supervise, discipline, warn, terminate or take other corrective action to prevent Mr. Fernandez's discrimination and harassment against Minor 3 and other students;

    b.     Failing to conduct an internal investigation into allegations of Mr. Fernandez's criminal misconduct;

    c.     Allowing its employee Mr. Fernandez to remain employed at LAMB;

    d.     Allowing its employee Mr. Fernandez to continue to have unsupervised contact with students;

    e.     Failing to inform Minor 3 and other students' families of the danger posed by Mr. Fernandez when he was repeatedly allowed to exercise control over LAMB

students, remove them from classes, and confine them with him long enough to sexually abuse them, or was deliberately indifferent thereto;

f.   Creating a climate that tolerated sexual assault, exploitation, abuse and other misconduct, and that tolerated the complete disregard of reports of sexual misconduct by Mr. Fernandez, or the unusual, dangerous conduct engaged in by Mr. Fernandez over a period of years, or was deliberately indifferent thereto;

g.   Failing to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 3 after Mr. Fernandez sexually assaulted and abused Minor 3, or was deliberately indifferent thereto;

h.   Failing to develop policies and procedures to address complaints of sexual abuse of a student by a teacher or other school board employees;

i.   Failing to report suspected child abuse, in violation of and as mandated by D.C. Code § 4-1321.02;

j.   Failing to provide policy or training for its administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting;

k.   Failing to timely terminate or otherwise discipline Defendant LAMB and agents identified herein for their deliberate disregard to Minor 3 and other students' safety and rights, or was deliberately indifferent thereto; and

l.   Through other actions, inactions, and deliberate indifference.

65.     As a direct and proximate result of Defendant LAMB's action, inaction, and deliberate indifference, Minor 3 sustained and continues to sustain injuries for which Minor 3 is entitled to be compensated, including but not limited to:

a.   Past, present, and future physical and psychological pain, suffering and impairment;

b.   Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c.   Impaired educational capacity;

d.   Impaired future earning capability;

e.   Attorneys' fees and costs; and

f.   Such other and further relief as this Court deems just and proper.

## COUNT II

### (Gross Negligence)
### (Asserted Against Defendant LAMB)

66.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

67.     Defendant LAMB owed a duty of care to Minor 3.

68.     Defendant LAMB acted with conscious indifference and reckless disregard to the foreseeable consequences of its failure described herein to ensure a safe educational environment for Minor 3.

69.     Defendant LAMB knew or should have known of Mr. Fernandez's sexual misconduct and propensity for inappropriate behavior involving students.

70.     Defendant LAMB acted with conscious indifference or recklessly disregarded the foreseeable consequences of Mr. Fernandez's inappropriate conduct by allowing him to have continued unsupervised contact with students.

71.     Defendant LAMB's failure to inform the students' families of the danger posed by Mr. Fernandez when he was repeatedly allowed to exercise control over LAMB students, remove them from classes, and confine them with him long enough to sexually abuse them, was consciously indifferent or reckless, highly unreasonable and an extreme deviation from the ordinary standard of care.

72.     Defendant LAMB's conduct in failing to take any remedial action against Mr. Fernandez and retaining him as an employee was highly unreasonable and constitutes an extreme deviation from the ordinary standard of care exercised by an educational institution responsible for the safety and welfare of its students.

73.     Defendant LAMB's failure to provide, offer, recommend or coordinate adequate health, psychological, counseling, and academic assistance and services to Minor 3 after Mr. Fernandez sexually assaulted and abused them, was highly unreasonable and an extreme deviation from the ordinary standard of care.

74.     Defendant LAMB's failure to provide policy or training for their administrators and employees about sexual harassment and assault, sexual abuse, child abuse, or mandatory reporting was highly unreasonable and an extreme deviation from the ordinary standard of care.

75.     Defendant LAMB's failure to timely terminate or otherwise discipline agents identified herein for their reckless disregard to Minor 3 and other students' safety and rights, was highly unreasonable and an extreme deviation from the ordinary standard of care.

76.     Defendant LAMB's conscious indifference and reckless disregard of the foreseeable consequences of Mr. Fernandez's behavior was highly unreasonable and an extreme deviation from the ordinary standard of care.

77.     Defendant LAMB acted with conscious indifference and reckless disregard for the safety of Minor 3.

78.     As a direct and proximate result of the Defendant LAMB's gross negligence, Minor 3 sustained and continues to sustain injuries for which Minor 3 is entitled to be compensated, including but not limited to:

      a.  Past, present, and future physical and psychological pain, suffering and impairment;

      b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

      c.  Impaired educational capacity;

      d.  Impaired earning capability;

      e.  Attorneys' fees and costs; and

      f.  Such other and further relief as this Court deems just and proper.

## COUNT III

**(Gross Negligent Infliction of Emotional Distress)**
**(Asserted Against Defendant LAMB)**

79.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

80.     Defendant LAMB had a relationship with Minor 3 and had undertaken an obligation to Minor 3 of a nature that would implicate the Minor 3's emotional well-being.

81.     Due to the nature of the relationship, *in loco parentis*, between Defendant LAMB and Minor 3, there is a likely risk that Defendant LAMB's gross negligence would cause serious emotional distress to Minor 3.

82.     Defendant LAMB breached its obligations and duty of reasonable care with respect to Minor 3.

83.     Defendant LAMB's actions and inactions did in fact cause serious emotional distress to Minor 3.

84.     As a direct and proximate result of the Defendant's actions and inactions, Minor 3 sustained and continues to sustain injuries for which Minor 3 is entitled to be compensated, including but not limited to:

   a.  Past, present, and future physical and psychological pain, suffering and impairment;

   b.  Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

   c.  Impaired educational capacity;

   d.  Impaired earning capability;

   e.  Attorneys' fees and costs; and

   f.  Such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe 3, on behalf of Minor 3, pray the Court for judgment against Defendant LAMB for an amount of no less than $10,000,000, on each count, for compensatory and punitive damages, together with costs of this suit, legal interest, reasonable

attorney's fees, and such other relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs demand a trial by jury of all issues so triable herein.

Respectfully submitted,


   /s/ Steven J. McCool
STEVEN J. McCOOL
D.C. Bar No. 429369
JULIA M. COLEMAN
D.C. Bar No. 1018085
McCOOL LAW PLLC
1776 K Street, N.W., Suite 200
Washington, D.C. 20006
Office:  (202) 450-3370
Mobile:  (202) 680-2440
Fax:  (202) 450-3346
smccool@mccoollawpllc.com
jcoleman@mccoollawpllc.com

*Counsel for Plaintiff Jane Doe 3,*
*on behalf of her Minor Child 3*